United States Court of Appeals,

Fifth Circuit.

No. 95-40186.

Adan Arturo HERNANDEZ, Individually and on behalf of all persons similarly situated, Plaintiff-Appellant, Cross-Appellee,

v.

Janet RENO, in her official capacity as Attorney General of the United States, Defendant-Appellee Cross-Appellant.

Aug. 21, 1996.

Appeals from the United States District Court for the Eastern District of Texas.

Before POLITZ, Chief Judge, and DeMOSS and DENNIS, Circuit Judges.

POLITZ, Chief Judge:

Adan Arturo Hernandez filed this action under the Administrative Procedure Act[1] challenging the Immigration and Naturalization Service regulations implementing the Family Unity Provision of the Immigration Act of 1990.[2] The district court granted partial summary judgment in favor of Hernandez and partial summary judgment in favor of the Attorney General. Both parties appeal. We modify and affirm in part, reverse in part, and remand.

*Background*

In 1985 Hernandez, then 14 years of age, made an undocumented entry into the United States to join his father who had emigrated several years earlier. In 1990 his father obtained lawful permanent resident status under the amnesty program of the Immigration Reform and Control Act of 1986.[3] His father submitted a visa petition seeking to have Hernandez classified as the unmarried child of a permanent resident alien under 8 U.S.C. § 1153(a)(2), which authorizes second preference visas for unmarried children and spouses of permanent resident aliens.

The petition was granted. To avoid deportation while awaiting the grant of his permanent

---

[1] 5 U.S.C. § 701 *et seq.*

[2] Immigration Act of 1990, § 310, Pub.L. No. 101-649, 104 Stat. 4978.

[3] Pub.L. 99-603, 100 Stat. 3359.

residency,[4] Hernandez applied under the Family Unity Provision for "voluntary departure," paying the $75.00 filing fee required by 8 C.F.R. §§ 103.7 and 242.6(e).[5] This application was approved but it did not state that Hernandez was authorized to work; rather, it advised that if he chose to work he could apply for employment authorization with the INS office having jurisdiction over his place of residence. This process, which typically takes several months, required Hernandez to submit, *inter alia,* a Form I-765 application and a $60.00 filing fee. Hernandez complied and in due course the INS issued the employment authorization document.

Hernandez and Elizabeth Castillo, a legal alien, currently live together with their child who was born in the United States. The record reflects that they desire to marry but have not done so because of their belief that marriage would jeopardize Hernandez's Family Unity status. This perceived impediment to marriage has caused great hardships for Hernandez and Castillo, who have been ostracized by their families and the community for the deemed illicit cohabiting.

Hernandez, on behalf of himself and others similarly situated, filed this action under the APA challenging certain regulations implementing the Family Unity Provision. Specifically, he claims that the INS may not require the filing of a separate application, with an additional filing fee, to obtain authorization for employment. He also challenges the INS interpretation of the statute which requires an alien seeking Family Unity status as the spouse or unmarried child of a legalized alien, to be such not only on May 5, 1988, but continuously thereafter until permanent residency is granted.

The district court entertained cross-motions for summary judgment and held that the INS may not require an alien eligible for Family Unity status to apply separately for employment authorization, but that the fee associated with the work authorization request was reasonable.[6] Additionally, the

---

[4]Cognizant of the statutory limit on the number of available visas, the district court noted the likelihood that it would take four or more years before Hernandez could receive permanent resident status.

[5]The Family Unity Provision operates in conjunction with 8 U.S.C. § 1153 which sets forth the criteria for a visa and the numbers of such visas which may be issued. The Family Unity Provision provides that persons seeking visas under section 1153 may remain in the United States pending action on their applications.

[6]The summary judgment order states:

court held that the INS regulation interpreting the Family Unity Provision requiring the alien to maintain the same relationship throughout the pendency of his petition was a permissible construction of the statute. In light of its resolution of the motions for summary judgment, the trial court denied the motion to certify a class, despite finding that Hernandez satisfied the requirements of Fed.R.Civ.P. 23(a). Finally, the district court declared the offending regulation impermissible and enjoined its enforcement. Both parties timely appealed.

*Analysis*

We review a grant of summary judgment *de novo,* applying the same standards as the district court.[7] Under the APA, agency action is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[8] Under the rubric announced by the Supreme Court in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*

---

> The court finds that once Defendant determines that an alien is eligible for Family Unity status, she cannot require the alien to apply separately for employment authorization or documentary evidence of such authorization, which is inherent in the status.

The district court denied Hernandez's motion to alter or amend the judgment. Fed.R.Civ.P. 59(e). Additionally, the court stated that to the extent the defendant sought relief such was also denied. The ruling includes a "clarification" of the previous order on the motions for summary judgment, stating:

> The Order enjoins defendant from adopting or enforcing any regulation or procedure that would *require* an alien with Family Unity status to apply separately for a work permit. The Order does not prohibit sequential applications in instances where the applicant chooses that option. The applicant, however, must be given the option of simultaneous filing, and, in that event, the family unity status and work permit must be issued at the same time.

The use of the phrase "simultaneous filing" suggests that two applications are permitted provided they are filed at the same time. Such an interpretation, however, appears contrary to the quoted summary judgment order. We conclude the district court did not intend to amend its previous order, which unequivocally states that separate applications are impermissible, considering its ruling on the Rule 59 motion, that, to the extent the defendant sought relief from the adverse summary judgment, that relief was denied.

[7]*Montgomery v. Brookshire,* 34 F.3d 291 (5th Cir.1994).

[8]5 U.S.C. § 706.

*Inc.,*[9] an agency's interpretation of a statute whose administration is entrusted to it, generally is to be accepted unless Congress has spoken directly on the issue.[10] If Congress has, we give effect to the congressional intent. If the language is ambiguous, we typically will defer to the agency's interpretation.

A. *Separate Application for Employment Authorization*

Hernandez challenges the requirement that a qualifying applicant under the Family Unity Provision must file a separate application and pay an additional filing fee in order to obtain employment authorization and documentation thereof.[11]

The Family Unity Provision states, in relevant part:

The Attorney General shall provide that in the case of an alien who is an eligible immigrant (as defined in subsection (b)(1)) [12] as of May 5, 1988, who has entered the United States before such date, who resides in the United States on such date, and who is not lawfully admitted for permanent residence, the alien (1) may not be deported or otherwise required to depart from the United States ... and (2) shall be granted authorization to engage in employment in the United States and be provided an "employment authorized" endorsement or other appropriate work permit.[13]

Congress unequivocally has mandated that eligible immigrants are entitled to: (1) a stay of deportation, (2) authorization to be employed in the United States, and (3) documentary evidence of that authorization. The INS regulation requiring an eligible immigrant to apply separately for employment authorization and documentation effectively reads the components we number (2) and (3) above out of the statute. This the INS may not do; it has no power to either ignore clear

---

[9]467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

[10]*White v. I.N.S.,* 75 F.3d 213 (5th Cir.1996).

[11]The INS maintains that Hernandez's challenge to these regulations is moot because he received his employment authorization document before the district court ruled that requiring separate applications violated the statute. The challenge is not moot because four years or more may pass before Hernandez receives permanent resident status, thus making it likely that he will be required to repeat the process at least once because Family Unity status is granted in two-year increments. *See Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (claim is not moot when it is capable of repetition yet evading review).

[12]The term "eligible immigrant" means a qualified immigrant who is the spouse or unmarried child of a legalized alien. Immigration Act of 1990, § 310, Pub.L. No. 101-649, 104 Stat. 4978.

[13]*Id.*

congressional intent or amend the legislation. The trial court did not err in finding and concluding that the agency's mandated separate application procedure was arbitrary, capricious, and otherwise not in accordance with the law.

B. *Reasonableness of the Fee*

Hernandez contends that the district court should have certified a class of all similarly situated persons so that the fees they paid to obtain employment authorization and documentation could be returned. To address these contentions we first must determine whether the fee assessed was reasonable. The district court held that the "defendant can require one reasonable fee for processing the application and issuing whatever documents she decides are appropriate for evidence of status and permission to work." In addressing the reasonableness of the fee, however, the district court apparently did not consider the aggregate fee charged persons applying under the Family Unity Provision. We view this as the proper inquiry, given the trial court's holding, which we affirm, that requiring separate applications is violative of the statute.

We therefore must remand to the district court so that it might consider whether the aggregate fee charged herein was reasonable. If the district court determines that the fee was unreasonable, it should consider the propriety of certifying a class and conducting further proceedings consistent therewith.

C. *Based on Same Relationship Requirement*

Hernandez challenges the requirement imposed by 8 C.F.R. § 242.6(c)(1)(ii) that an applicant's claim to eligibility for Family Unity status be "based on the same relationship" to a legalized alien as the relationship the person had on May 5, 1988.[14] The district court deferred to the INS interpretation of the statute, citing *Chevron.*

*Chevron* deference does not lie where the intent of Congress is clear from the words of the

---

[14]The defendant states in a footnote that we lack jurisdiction on this claim because Hernandez does not have standing and failed to exhaust his administrative remedies. No authority is cited nor is a reasoned argument advanced and we do not consider these issues. *L & A Contracting Co. v. Southern Concrete Services, Inc.,* 17 F.3d 106 (5th Cir.1994).

statute, but rather only where a statute is "silent or ambiguous with respect to the specific issue...."[15] The statute requires that Hernandez be the spouse or unmarried child of a legalized alien on May 5, 1988. It requires no more. The INS regulation adding a requirement that the alien continuously maintain that same relationship is in conflict with the plain language of the statute. Our duty is to give effect to the clear, unambiguous intent of Congress. Whether Hernandez marries after May 5, 1988 is irrelevant to the inquiry under the Family Unity Provision of the Immigration Act of 1990.

D. *Scope of the Injunction*

The defendant contends that the district court's injunction is overly broad. The injunction provides:

> It is ORDERED that Defendant is permanently enjoined from promulgating or enforcing any regulations or procedures that would require an alien with Family Unity status to apply separately for a work permit.

Class-wide relief may be appropriate in an individual action if such is necessary to give the prevailing party the relief to which he or she is entitled.[16] The breadth of the injunction issued by the trial judge in this case, however, is not necessary to remedy the wrong suffered by Hernandez.[17] The injunction is modified to apply to Hernandez only. Should the district court determine to certify a class per our remand, this question of the breadth of the injunction may, in the trial court's discretion, be revisited.

We MODIFY and AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent herewith.

---

[15]*Sullivan v. Everhart,* 494 U.S. 83, 89, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990) (citing *Chevron* ).

[16]*Bresgal v. Brock,* 843 F.2d 1163 (9th Cir.1987). *See also Washington v. Reno,* 35 F.3d 1093 (6th Cir.1994) (upholding a nationwide preliminary injunction before class certification because it was necessary to provide relief).

[17]None of the cases cited by Hernandez support the scope of the injunction. *See e.g., Bailey v. Patterson,* 323 F.2d 201 (5th Cir.1963), *cert. denied,* 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609 (1964) (refusing to reach the propriety of certifying a class action where the plaintiff seeks desegregation because the nature of the right sought to be vindicated requires the decree to run to the benefit of others similarly situated); *United Farmworkers v. City of Delray Beach, Fla.,* 493 F.2d 799 (5th Cir.1974) (same).