UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10176
Summary Calendar

_____

MARGARITA PEREZ,

Plaintiff-Appellant,

versus

WILLIAM HARRINGTON, acting district
director of the Dallas Office of the
Immigration and Naturalization Service,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-2309-D)

_____

February 1, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Margarita Perez appeals the district court's dismissal of her complaint for lack of subject matter jurisdiction. Legal conclusions on jurisdiction are reviewed *de novo*. ***Requena-Rodriguez v. Pasquarell***, 190 F.3d 299, 302 (5th Cir. 1999).

Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter". Perez's complaint

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arises from the Attorney General's actions to execute a deportation order. The district court concluded properly that it did *not* have subject-matter jurisdiction. ***Reno v. American-Arab Anti-Discrimination Committee***, 525 U.S. 471, 119 S. Ct. 936, 940-41 (1999); ***Alvidres-Reyes v. Reno***, 180 F.3d 199, 201, 205 (5th Cir. 1999).

Perez's reliance on ***Hernandez v. Reno***, 91 F.3d 776 (5th Cir. 1996), is misplaced. It was decided prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 and, thus, does *not* address the scope of the district court's jurisdiction under § 1252(g) to consider a challenge to a deportation order.

***AFFIRMED***