United States Court of Appeals,

Fifth Circuit.

No. 94-40865.

Timothy D. DOYLE, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.

Sept. 7, 1995.

Appeal from the United States District Court for the Eastern
District of Texas.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges.

DAVIS, Circuit Judge:

Timothy D. Doyle, a disabled social security recipient, challenges the validity of certain regulations of the Secretary of Health and Human Services (the "Secretary") governing the calculation of Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1382(c). The district court denied Doyle's motion for summary judgment and granted the Secretary's cross-motion for summary judgment. Because we conclude that the challenged regulations are not inconsistent with the Act, we affirm.

I.

Doyle became eligible for SSI benefits on July 16, 1992. At that time, the congressionally mandated benefit rate was $422. Pursuant to agency regulations, the Secretary reduced Doyle's SSI benefits in the first, second and third months of eligibility by

1

the amount of "countable income"[1] earned during the first month of eligibility, even though that income was non-recurring.[2] Accordingly, because Doyle had received countable income of $19 in July (based on wages of $123), he received $208 in benefits for July (pro-rated), and $403 in both August and September. In October, he began receiving the $422 rate.

Doyle challenged the deduction of the non-recurring income in August and September but the SSA rejected his appeal. After exhausting his administrative remedies, he filed a complaint in the district court, alleging that the agency's regulations governing the calculation of benefits for the first three months of eligibility violate § 1382(c) of the Act.[3] The district court denied Doyle's motion for summary judgment and granted the Secretary's cross-motion for summary judgment. Doyle filed a timely appeal.

---

[1]Not all income is used to reduce the amount of SSI benefits. The Act places a number of limitations on the nature and amount of the applicant's income that will be considered in calculating monthly benefits. The income remaining after applying the appropriate exclusions, deductions and caps is termed "countable income."

[2]This income was "non-recurring," in that it did not continue in the following months.

[3]We reject the Secretary's argument that Doyle lacks standing because he was not injured by the application of the regulations. The Secretary argues that had Doyle waited until August 1, 1992 to file for benefits, he would have received less money overall. However, that is not the issue here. Rather, the issue is whether his countable income of $19 in July should have been triple-counted against him, though it was non-recurring. Had the Secretary not triple-counted that income, Doyle would have received $36 more in benefits. Thus, Doyle was injured by the application of the regulations.

II.

A.

The only issue in this appeal is whether the Secretary's regulations governing the computation of SSI benefits during a beneficiary's first three months of eligibility violate Subchapter XVI of the Social Security Act, 42 U.S.C. § 1382(c). To understand this issue, it is first necessary to set out the statutory and regulatory scheme governing the calculation of monthly SSI benefits.

The SSI program, codified at 42 U.S.C. §§ 1381-1383c, was added to the Act by the Social Security Amendments of 1972, Pub.L. No. 92-603, § 301, 86 Stat. 1466 (effective Jan. 1, 1974). The primary purpose of the SSI program was to assure a minimum monthly level of income to individuals who are blind, aged, or disabled, and whose income and monthly resources fall below the levels set forth in 42 U.S.C. § 1382(a). Under the SSI program, eligible beneficiaries receive monthly benefits at a level set by Congress. 42 U.S.C. § 1382(b). However, these benefits are reduced by countable income received from other sources. *Id.*

Under the current Act, as amended by the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97-35, 95 Stat. 357, the Secretary calculates monthly SSI benefits based on a "retrospective monthly accounting" ("RMA") system. Under the RMA system, the Secretary computes SSI benefits for the current month based on "income" and "other relevant characteristics" in the second month

3

preceding the current month.  42 U.S.C. § 1382(c)(1).[4]  Thus, for example, the Secretary deducts "countable income" earned in January from the beneficiary's March SSI payment.

The Act provides for an exception to the RMA method for purposes of calculating SSI benefits for the first two months of eligibility.  Under § 1382(c)(2), the Secretary computes benefits for the first month of eligibility (and the second month, if the Secretary so chooses) based upon the beneficiary's "income" and "other relevant circumstances" in the first month.[5]

---

[4]Section 1382(c)(1) provides:

> An individual's eligibility for a benefit under this subchapter for a month shall be determined on the basis of the individual's (and eligible spouse's, if any) income, resources, and other relevant characteristics in such month, and, except as provided in paragraphs (2), (3), (4), (5), and (6) the amount of such benefit shall be determined for such month on the basis of income and other characteristics in the first, or if the Secretary so determines, second month preceding such month.  Eligibility for and the amount of such benefits shall be redetermined at such time or times as may be provided by the Secretary.

The Secretary has elected to calculate current month benefits based on income earned in the second preceding month.  *See* 20 C.F.R. § 416.420(a).

[5]Section 1382(c)(2) provides, in pertinent part:

> The amount of such benefit for the month in which an application for benefits becomes effective (or, if the Secretary so determines, for such month and the following month) and for any month immediately following a month of eligibility for such benefits (or, if the Secretary so determines, for such month and the following month) shall—
>
> (A) be determined on the basis of the income of the individual and the eligible spouse, if any, of such individual, and other relevant circumstances in such month....

4

The Secretary has also adopted regulations pursuant to this statutory scheme. 20 C.F.R. § 416.420 (1992).[6] Pursuant to § 416.420(b)(1)-(2), the Secretary reduces benefits for the first and second months of eligibility by the amount of countable income received during the first month of eligibility. Benefits for the third month of eligibility are also reduced by countable income earned in the first month, pursuant to the standard RMA system

The Secretary has elected to use this method to calculate benefits for both the first and second months of eligibility. *See* 20 C.F.R. § 416.420(b)(2).

[6]The regulations provide, in pertinent part:

(a) *General rule.* [SSA] use[s] the amount of [a beneficiary's] countable income in the second month prior to the current month to determine how much [his or her] benefit amount will be for the current month.

(b) *Exceptions to the general rule—*

(1) *First month of eligibility or eligibility after a month of ineligibility.* [SSA] use[s] [a beneficiary's] countable income in the current month to determine [his or her] benefit amount for the first month [he or she is] eligible for SSI benefits or for the first month [he or she] become[s] eligible for SSI benefits after a month of ineligibility.

(2) *Second month of initial eligibility or eligibility after a month of ineligibility.* [SSA] use[s] [a beneficiary's] countable income in the first month prior to the current month to determine how much [his or her] benefit amount will be for the current month when the current month is the second month of initial eligibility or the second month following at least a month of ineligibility.

(3) *Third month of initial eligibility or eligibility after a month of ineligibility.* [SSA] use[s] [a beneficiary's] countable income according to the rule set out in paragraph (a) of this section to determine how much [a beneficiary's] benefit amount will be for the third month of initial eligibility or the third month after at least a month of ineligibility.

5

codified in § 416.420(a).

B.

Doyle argues that the regulations are flawed because they do not allow the Secretary to consider the non-recurring nature of income received in the first month and therefore have the effect of triple-counting income that was only received once. For example, if a beneficiary receives $50 of non-recurring countable income during the first month of eligibility, the beneficiary suffers a total reduction of $150 in benefits when he actually received only $50 in total countable income. Doyle contends that the "triple-counting" regulations are an invalid exercise of the Secretary's authority because: (1) they violate the plain language of the Act, and (2) they contradict the statutory purpose of the SSI program.

First, Doyle argues that by failing to consider the non-recurring nature of the first-month's income, the regulations violate the mandatory statutory language contained in 42 U.S.C. § 1382(c)(1) and (c)(2). As discussed above, § 1382(c)(2), which governs the computation of benefits for the first two months of eligibility, provides that the benefits "*shall* ... be determined on the basis of the income of the individual ... and *other relevant circumstances.*" (emphasis added). Section 1382(c)(1), which governs the calculation of benefits for the remaining months, provides that the benefits "*shall* be determined on the basis of the individual's ... income, resources, and *other relevant characteristics* in such month." (emphasis added).

6

Doyle contends that the non-recurring nature of first-month income constitutes a relevant circumstance or characteristic which the Secretary must consider in calculating benefits for the second and third months of eligibility. Although the terms "other relevant circumstances" and "other relevant characteristics" are not defined anywhere in the Act, Doyle argues that various other sections of the Act reflect Congress' concern with non-recurring income, which in turn suggests that Congress considered non-recurring income to be a relevant circumstance or characteristic in calculating SSI benefits.

Second, Doyle argues that the Secretary's failure to consider the non-recurring nature of first-month income contradicts the statutory purpose in establishing the SSI program, which is to provide a minimum subsistence level to eligible claimant's based upon current need. According to Doyle, the legislative history indicates that by enacting § 1382(c)(2) as an exception to § 1382(c)(1)'s RMA method, Congress intended to mitigate the potential hardships caused by using the two-month retrospective method to compute benefits for the first two months of eligibility. This hardship would result from the usual disparity between income earned in the two months preceding initial eligibility, when the individual was not yet disabled, and income received during the first month of eligibility. Doyle argues that by triple-counting any first-month income, however, the regulations perpetuate the very hardship that Congress sought to avoid.

III.

7

This court has not yet addressed the validity of these regulations. The two courts that have specifically addressed this issue have reached different results. *Compare Jones v. Shalala,* 5 F.3d 447 (9th Cir.1993) (holding that the regulations are invalid) *with Farley v. Sullivan,* 983 F.2d 405 (2nd Cir.1993) (upholding the regulations).

Doyle urges us to adopt the approach taken by the Ninth Circuit in *Jones.* In that case, the Ninth Circuit held that the plain language of the statute together with the legislative history reflected a "clear and unambiguous" congressional intent that the non-recurring nature of the first month's income is a "relevant circumstance" that must be considered by the Secretary in calculating benefits under § 1382(c)(2)(A). *Jones,* 5 F.3d at 451. To support this conclusion, the court pointed to § 1382(c)(5), which provides that payments received from one of the other aid programs enumerated therein "shall be taken into account in determining the amount of the benefit ... only for that month, and shall not be taken into account in determining the amount of the benefit for any other month."[7] *Id.* The court concluded that

---

[7]Section 1382(c)(5) provides:

> Notwithstanding paragraphs (1) and (2), any income which is paid to or on behalf of an individual in any month pursuant to (A) a State plan approved under part A of subchapter IV of this chapter (relating to aid to families with dependent children), (B) section 672 of this title (relating to foster care assistance), (C) section 1522(c) of Title 8 (relating to assistance for refugees), (D) section 501(a) of Public Law 96-422 (relating to assistance for Cuban and Haitian entrants), or (E) section 13 of Title 25 (relating to assistance furnished by the Bureau of Indian Affairs),

(c)(5) reflects congressional concern over double or triple-counting non-recurring income earned in the first month of eligibility. *Id.* In doing so, it reasoned that "[t]here is no indication that Congress intended [ (c)(5) ] to be an exclusive list of nonrecurring payments that should be deducted once." *Id.*

The court further held that the regulations are contrary to the purposes underlying the SSI program and the RMA method. According to the court, these purposes are: (1) the " "provi[sion of] a minimally decent standard of living to destitute, blind, aged and disabled individuals' "; and (2) " "the government's need to prevent the dissipation of its resources through neglect, abuse or fraud.' " *Id.* at 450 (quoting *Lyon v. Bowen,* 802 F.2d 794, 797 (5th Cir.1986)). The court emphasized the first purpose and concluded that "[t]o be consistent with the humanitarian purpose of the Act and ensure that claimants are able to maintain a minimum subsistence level, the Secretary must deduct nonrecurring income only once." *Id.* at 451-52.

The Secretary, on the other hand, urges us to follow the Second Circuit's decision upholding the regulations. In *Farley,* the Second Circuit held that the regulations do not violate the plain language of the statute. 983 F.2d at 409. The court reasoned that by leaving "relevant circumstances" undefined, Congress delegated the responsibility for defining relevant

shall be taken into account in determining the amount of the benefit under this subchapter of such individual (and his eligible spouse, if any) only for that month, and shall not be taken into account in determining the amount of benefit for any other month.

9

circumstances to the broad discretion of the Secretary. *Id.* As further support for this conclusion, the court pointed to the permissive language in § 1382(c)(4), which provides:

> [I]f the Secretary determines that reliable information is currently available with respect to the income and other circumstances of an individual for a month ..., the benefit amount of such individual under this subchapter for such month *may* be determined on the basis of such information.

(Emphasis added).

The court rejected the argument that § 1382(c)(5) reflects a contrary intent. *See id.* In contrast to the Ninth Circuit, the Second Circuit determined that the list contained in (c)(5) was exclusive. *Id.* Thus, it reasoned, that (c)(5) does reflect a congressional intent to consider non-recurring income as a relevant circumstance. However, the court concluded that requiring consideration of the non-recurring nature of income from the enumerated sources, Congress implicitly left the decision to adjust benefits on the basis of non-recurring income from non-enumerated sources entirely to the Secretary's discretion. *Id.*

The Second Circuit further held that not only do the regulations "comply with the text of the statute" but they also "implement[ ] the statutory purpose." *Id.* While the court recognized the dual purposes behind the statute and the RMA system, it determined from the legislative history that "Congress was concerned chiefly with adopting an accounting process that was simple and would reduce the number of overpayments." *Id.* at 410. The court thus concluded that the regulations' use of "information for one month to calculate benefits for a three-month transitional

10

period" satisfied this goal of reducing paper work and bookkeeping and thereby saving time and money. *Id.*

We agree with the Second Circuit's resolution of this issue. In reviewing an agency's construction of a statute which it administers, the court first must use "traditional tools of statutory construction" to determine "whether Congress has directly spoken to the precise question at issue." *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 842-43 & n. 9, 104 S.Ct. 2778, 2781-82 & n. 9, 81 L.Ed.2d 694 (1984). If so, the court and the agency "must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43, 104 S.Ct. at 2781. However, "[i]f the statute is silent or ambiguous" on the particular issue, the court must determine "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2781.

In determining whether Congress has directly spoken to the issue, the court may consider not only the plain meaning of the statute, but also any pertinent legislative history. *See id.* at 845, 104 S.Ct. at 2783. We agree with the Second Circuit that the intent of Congress is not made clear either in the statutory language or in the legislative history. Congress' failure to define "relevant circumstances" or "relevant characteristics," or to enumerate any factors that the Secretary must consider in determining such circumstances or characteristics, evidences an intent to delegate that determination to the Secretary. We agree with the Second Circuit that § 1382(c)(5) suggests that Congress

11

contemplated the problem of non-recurring income, but specifically chose to enumerate certain types of non-recurring income that must be considered only once, rather than create a broad rule.  Because Doyle's first-month income is not one of the types listed in (c)(5), whether its non-recurring nature should be considered falls squarely within the Secretary's discretion.

As to the second prong of *Chevron,* we conclude that the regulations constitute a permissible construction of the statute. Given the competing policy concerns behind that statute and the RMA system, the language and the legislative history suggest that Congress intended the Secretary to strike the appropriate balance between these goals in defining "relevant circumstances" and "relevant characteristics."  Even if the regulations establish an undesirable policy of reducing benefits below an acceptable level, they are not an impermissible construction of the statute.  The regulations offer substantial benefits in reducing an excessive number of overpayments and the attendant administrative expenses. Because the Secretary's interpretation is a reasonable one, we accept it.  *See id.* at 843-44, 104 S.Ct. at 2782.

IV.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the Secretary.

AFFIRMED.

\*    \*    \*    \*    \*    \*

12