114 F.3d 120
 97 Cal. Daily Op. Serv. 3620, 97 Daily Journal
D.A.R. 6138
The WAUSAU INSURANCE COMPANIES; Holmes & Narver,
Incorporated, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Ronald
Guthrie, Respondents.
 No. 96-70314.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 7, 1997.*
Decided May 14, 1997.
 
 Dennis R. VavRosky, VavRosky, MacColl, Olson, Doherty & Miller, Portland, OR, for petitioners.
 Edward F. Ducey, Jr., Office of Workers Compensation, Honolulu, HI; Carol DeDeo, Thomas Shepherd, United States Department of Labor, Washington, DC, for respondent Director, Office of Workers Compensation Programs.
 Kevin Nicholas Keaney, Pozzi, Wilson and Atchison, Portland, OR, for respondent Ronald Guthrie.
 Petition for Review of an Order of the Benefits Review Board. OWCP No. XX-XXXXXXX, BRB No. 93-0624.
 Before: BOOCHEVER, BRUNETTI and KOZINSKI, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Guthrie is disabled. The question before us is whether, for purposes of computing Guthrie's disability payments, his "wages" include the value of meals and lodging he received while working on the remote Johnson Atoll in the South Pacific.
 
 The applicable statute defines wages as
 
 2
 the money rate at which the service rendered by an employee is compensated by an employer under the contract of hiring in force at the time of the injury, including the reasonable value of any advantage which is received from the employer and included for purposes of any withholding of tax under subtitle C of the Internal Revenue Code of 1954 (relating to employment taxes).
 
 
 3
 33 U.S.C. § 902(13). Thus, the statute defers to the IRS criteria for deciding whether non-monetary compensation counts as wages. If it is not money, or an "advantage" subject to withholding, it is not included.
 
 
 4
 Under the Internal Revenue Code, the value of meals and lodging provided by an employer is income unless the meals and lodging are "furnished ... for the convenience of the employer" and "(1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment." 26 U.S.C. § 119(a).
 
 
 5
 It is undisputed that Guthrie's meals and lodging fit the section 119 criteria and thus were not income according to the IRS. Nonetheless, the Benefits Review Board held that the value of the meals and lodging--$30 per day--counted as wages.[1]
 
 
 6
 The statute requires the Board to defer to the IRS definition.[2] The value of Guthrie's meals and lodging should not have been included as wages.
 
 
 7
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 There may well have been circumstances that suggested Guthrie obtained real value from the provision of meals and lodging by his employer. What is worth money to one employee--for example, a single person who doesn't have a permanent home and doesn't cook--may be worthless to another. However, the statute does not permit the Board to attempt individualized decision-making; rather, it requires adherence to the IRS formulation
 
 
 [2]
 Appellant relies on Cretan v. Bethlehem Steel Corp., 1 F.3d 843 (9th Cir.1993), in contending that the statute does not mean "that a benefit not subject to tax withholding is not a wage per se." Br. Petitioner at 5. While this may have been the view of the Benefits Review Board in its decision, see Cretan v. Bethlehem Steel Corp., 24 BRBS 35 (1990), the issue was not addressed by this court on appeal