Thomas W. McNUTT, Petitioner,

v.

BENEFITS REVIEW BOARD; Superior Marine Inc.; Commercial Union Insurance Company; United States Department of Labor; Director, Office of Workers Compensation Programs, Respondents.

SUPERIOR MARINE INC.; Commercial Union Insurance Company, Petitioners,

v.

BENEFITS REVIEW BOARD, Director, Office of Workers Compensation Programs; United States Department of Labor, Respondents.

Nos. 97–70180, 97–70184.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 1998.*

Decided April 7, 1998.

Ralph Ogden, Wilcox & Ogden, P.C., Denver, Colorado, for petitioner.

Jimese L. Pendergraft, Knight, Clarke, Dolph & Rapaport, P.L.C., Norfolk, Virginia, for respondents.

Thomas O. Shepherd, Jr., Clerk of the Benefits Review Board, U.S. Department of Labor for respondent Benefits Review Board.

P. 34(a); 9th Cir. R. 34–4.

* The panel unanimously finds this case suitable for disposition without oral argument: Fed. R.App.

Carol DeDeo, Associate Solicitor, U.S. Department of Labor, Washington, DC, for respondent Director, Office of Workers Compensation Programs.

Before: SNEED, KOZINSKI and THOMPSON, Circuit Judges.

PER CURIAM:

Thomas W. McNutt is disabled. The issue we consider in this appeal is whether a $100 per diem paid to McNutt while working in Scotland should be included as wages in calculating his disability benefits under section 902(13) of the Longshore & Harbor Worker's Compensation Act, ("LHWCA"), 33 U.S.C. §§ 901–950.

Both McNutt and his employer, Superior Marine Inc., appeal the decision of the Benefits Review Board's affirmance of an Administrative Law Judge's award of benefits under the LHWCA. The ALJ held that McNutt's per diem was an "advantage" and therefore was includable as part of his average weekly wage for purposes of calculating benefits under 33 U.S.C. § 902(13). On appeal, McNutt contends the ALJ erred by not computing his per diem based on the amount that a comparable employee would have received for an entire 52–week period. Superior Marine Inc., in its appeal, argues that McNutt's per diem should not have been included as "wages" in calculating benefits under the LHWCA. Both appeals turn on whether the per diem allowance should be included as "wages" for purposes of calculating benefits under 33 U.S.C. § 902(13).

"The term 'wages' means the money rate at which the service rendered by an employee is compensated by an employer ... including the reasonable value of any advantage which is received from the employer *and included for purposes of any withholding of tax* under subtitle C of the Internal Revenue Code of 1954 (relating to employment taxes)." 33 U.S.C. § 902(13) (emphasis added).

In *Wausau Ins. Cos. v. Director, OWCP,* 114 F.3d 120, 121 (9th Cir.1997), we concluded, "[Section 902(13) ] defers to the IRS criteria for deciding whether non-monetary compensation counts as wages. If it is not money, or an 'advantage' subject to withholding, it is not included." In *Wausau,* the disabled employee had received meals and lodging from the employer. *Id.* We concluded these benefits were not wages because they were not income under 26 U.S.C. § 119(a). We noted that this section of the Internal Revenue Code provides that "the value of meals and lodging provided by an employer is income unless the meals and lodging are 'furnished ... for the convenience of the employer' and '(1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.' 26 U.S.C. § 119(a)." *Wausau,* 114 F.3d at 121.

██ In the present case, McNutt did not receive meals and lodging. He received money from his employer in the sum of $100.00 per day. From this per diem, he could pay for his own food and lodging. If he could hold these expenses to under $100.00 per day, he could keep the difference. The ALJ held that this per diem arrangement was an "advantage" under 33 U.S.C. § 902(13). We agree. The "advantage," however, is not a "wage" within the meaning of 33 U.S.C. § 902(13). It is not a "wage" under that section, because, as the parties agree, it is not subject to withholding under the Internal Revenue Code. Therefore, consistent with *Wausau,* we hold that McNutt's per diem is not includable as wages for purposes of determining his benefits under 33 U.S.C. § 902(13).

The parties agree that McNutt's average weekly wage, exclusive of the $100.00 per diem, was $615.82. Accordingly, we remand to the Benefits Review Board to enter a finding that this was the amount of McNutt's average weekly wage.

██ We must also decide whether the ALJ erred by failing to make specific findings regarding the liability of Superior Marine Inc. and Commercial Union Insurance Company for proposed medical treatment to McNutt's left shoulder. In conducting our review, we must accept the ALJ's findings if

they are supported by substantial evidence. *See Container Stevedoring Co. v. Director, OWCP,* 935 F.2d 1544, 1546 (9th Cir.1991).

At the hearing before the ALJ, both parties submitted evidence and argument on the issue of whether McNutt's present need for medical treatment of his left shoulder was the result of failure to cooperate with medical treatment and, therefore, not related to McNutt's work injury. The ALJ invited the parties to submit supplemental briefing on the issue. The record demonstrates that neither party did so. After the hearing, Superior Marine argued that the causation issue had not been actually litigated. The ALJ, in his "Decision and Order," stated that the "shoulder issue [was] ripe for adjudication." The ALJ did not specifically address the causation issue but concluded, without analysis, that Superior Marine remained liable for medical benefits "in connection with injuries . . . to claimant's back and left shoulder, the reasonableness and necessity for which remains under the ongoing supervision of the District Director."

Because we "cannot substitute [our] views for the ALJ's views or engage in de novo review of the evidence," we remand to allow the ALJ to make specific findings regarding causation. *See Container Stevedoring Co.,* 935 F.2d at 1546.[1]

REVERSED and REMANDED.

---

1. We deny McNutt's request for attorney's fees.