**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-60640**
**Summary Calendar**

---

**EQUITABLE EQUIPMENT COMPANY,**
**PART OF TRINITY MARINE GROUP,**
**A DIVISION OF TRINITY INDUSTRIES, INC.;**

 Petitioner,

**v.**

**DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,**
**U.S. DEPARTMENT OF LABOR;**
**FIDELITY AND CASUALTY COMPANY OF NEW YORK;**
**AETNA CASUALTY AND SURETY COMPANY; AND,**
**WAUSAU INSURANCE COMPANIES;**

 Respondents,

---

**Petition for Review of an Order of the**
**Benefits Review Board**

---

October 15, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case, initially involving a claim for compensation under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), has evolved into a dispute between Equitable Equipment Company ("Equitable") and its former insurers. The Benefits Review Board ("BRB") dismissed Equitable's claim for attorneys' fees for lack of jurisdiction. We affirm.

### I. FACTUAL AND PROCEDURAL HISTORY

E. Elliot Jourdan died from injuries sustained while employed, from December 17, 1940, to July 1, 1973, at Equitable's Madisonville Shipyard. Jourdan's wife filed a claim for LHWCA

benefits, and an administrative law judge ("ALJ") awarded benefits in a decision and order filed March 22, 1988. Mrs. Jourdan died on December 18, 1997, and the claim for LHWCA benefits died with her. The insurance dispute between the parties lives on.

When the original LHWCA claim was asserted, Equitable's insurer, Employers Insurance of Wausau ("Wausau"), denied coverage. In the original benefits decision, the ALJ found that Wausau was not a responsible carrier, yet failed to make a finding concerning which former Equitable insurer, if any, was liable for the payment of Jourdan's benefits. On petition for modification, Equitable requested that the ALJ decide Jourdan's date of exposure to the asbestos that caused his injuries and determine the insurer responsible for coverage of those injuries. Aetna Casualty & Surety Company ("Aetna") and Fidelity & Casualty Company of New York ("Fidelity"), both former insurers of Equitable, were joined as parties to the modification proceedings. On August 16, 1994, an ALJ found that Aetna was the insurer responsible for payment of the benefits award. On October 22, 1996, the ALJ's decision was affirmed by this court.

Meanwhile, Equitable filed a claim for attorneys' fees against Wausau, Aetna, and Fidelity. Equitable grounded its claims on the LHWCA, 33 U.S.C. § 928(a), and on Louisiana law. The ALJ dismissed Equitable's petition for lack of jurisdiction, and the BRB affirmed. Equitable appeals the BRB's dismissal.

## II. ANALYSIS

This court reviews the BRB's interpretation of the LHWCA, an issue of law, <u>de</u> <u>novo</u>, affording no special deference to the BRB's construction because it is not a policymaking agency. <u>See</u> <u>Wilkerson v. Ingalls Shipbuilding, Inc.</u>, 125 F.3d 904, 906 (1997), citing <u>Potomac Elec. Power Co. v. Dir., OWCP</u>, 449 U.S. 268, 279 n.18, 101 S.Ct. 509, 515 n.18 (1980).

The LHWCA vests jurisdiction in an ALJ over "a claim for compensation." 33 U.S.C. §§ 919(a), 919(d). An ALJ has "full power and authority to hear and determine all questions <u>in respect of such claim</u>." <u>Id.</u> (emphasis added). Equitable argues that its claim for attorneys' fees, which resulted from a breach of its insurers' duty to defend a compensation claim, is a question "in respect of" a compensation claim. In <u>Gray & Co., Inc. v. Highlands Ins. Co.</u>, 9 BRBS 424, 427-28 (1978), the BRB agreed, permitting an employer to prosecute a claim for attorneys' fees against its insurers under § 919(a). When Equitable filed its claim for attorneys' fees, however, the BRB overruled <u>Gray</u> and dismissed Equitable's claim for lack of jurisdiction. Equitable argues that this dismissal violated BRB procedural rules and constitutes too narrow an interpretation of § 919(a). Because BRB correctly held that the LHWCA does not provide for jurisdiction over this claim, we need not address Equitable's procedural arguments.

BRB precedent has steadily eroded the foundation of <u>Gray</u>. In <u>Busby v. Atlantic Dry Dock Corp.</u>, the BRB refused to assert jurisdiction over a claim filed by an insurer for reimbursement of overpaid benefits from another insurer. <u>See</u> 13 BRBS 222, 224 (1981).

The BRB noted, "[N]o aspect of any employee's claim was presented or decided by the [ALJ]," and the "equitable dispute between the carriers was therefore . . . not properly before the [ALJ] <u>since this dispute is not a question in respect to a compensation claim properly before the [ALJ]</u>." <u>Id.</u> at 225 & n.1 (emphasis added). In <u>Rodman v. Bethlehem Steel Corp.</u>, 16 BRBS 123, 126 (1984), the BRB held that an ALJ had jurisdiction to resolve a coverage disputed between an insurer and its insured only to the extent that resolution of the dispute was "necessary in order to determine compensation liability in claims under the Act." <u>Id.</u> at 126. Underpining these cases is a concern, expressed in <u>Rodman</u>, that the jurisdiction of a non-article III tribunal like those under the LHWCA workers compensation statute should be consistent with the post-<u>Gray</u> decision in <u>Northern Pipeline Const. Co. v. Marathon Pipeline Co.</u>, 458 U.S. 50, 102 S.Ct. 2858 (1982).

<u>Gray</u> is inconsistent with the later cases; its interpretation of § 919(a) stretches an ALJ's jurisdiction beyond questions "in respect of" compensation claims. The only issue to be resolved in <u>Gray</u> was whether an insurer had breached its duty to defend an employer. <u>See</u> <u>Gray</u>, 9 BRBS at 427-28. Jurisdiction in <u>Gray</u>, and this case, rests on too thin a reed, however. The contractual dispute between the insurer and the employer in <u>Gray</u> was not integral to deciding the compensation claim from which the duty to defend arose. The ALJ was not called upon to address an employee's right to compensation, to determine the carrier responsible for the payment of benefits, or to resolve a coverage dispute related to the payment of compensation. As in <u>Gray</u>, the sole

**4**

issue in this case is a state law breach of contract claim between an insurer and its insured. Such a claim is beyond the jurisdictional reach of § 919(a), particularly when the underlying compensation claim has been resolved and no factual dispute regarding the compensation claim itself must be decided.[1]

Equitable maintains that its claim is cognizable under 33 U.S.C. § 928(a); however, this argument flies in the face of the statute. Section 928(a) applies to a "person seeking benefits" that "utilize[s] the services of an attorney . . . in the successful prosecution of his claim." The statute concludes, "[A] reasonable attorney's fee against the employer or carrier . . . shall be paid directly by the employer or carrier to the attorney for the claimant." 33 U.S.C. § 928(a). Under § 928(a), an award of attorneys' fees is "in addition to the award of compensation." Id. Based on the express language of the statute, only a "person seeking benefits" may assert an attorneys' fee claim. The statute does not provide for an award of attorneys' fees to an employer or carrier. The BRB has reached a similar conclusion in two cases. See Medrano v. Bethlehem Steel Corp., 23 BRBS 223, 226 (1990); Mackey v. Marine Terminals Corp., 21 BRBS 129, 132 (1988).

### III.  CONCLUSION

The BRB's decision and order, dismissing Equitable's claim for lack of jurisdiction, correctly interpreted the applicable law. Section 919(a) does not vest jurisdiction in ALJs to decide a

---

[1] Because we agree with the BRB that Gray was improperly decided, we need not determine whether a three-judge panel of the BRB may overrule a prior panel or whether en banc consideration by the BRB is required under 20 C.F.R. § 801.301(c).

contract dispute between an employer and its carriers when the cause of action is wholly unrelated to an underlying claim for compensation. Equitable's claim involves neither a determination of which carrier must pay compensation benefits nor a dispute over potential coverage of a benefits claim. Accordingly, the ALJ lacked jurisdiction to adjudicate Equitable's claim for attorneys' fees. Likewise, § 928(a) does not confer a federal cause of action on an employer for the prosecution of, or vest jurisdiction in ALJs to resolve, an attorneys' fees claim of this nature.

**AFFIRMED.**