REVISED, APRIL 3, 2000

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20278
_____


        H B ZACHRY COMPANY; INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA

                              Plaintiffs - Appellants

        v.

        JOSE B QUINONES; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR

                              Defendants - Appellees

_____

              Appeal from the United States District Court
                  for the Southern District of Texas
_____
                          March 8, 2000

Before KING, Chief Judge, and DUHÉ and DeMOSS, Circuit Judges.

KING, Chief Judge:

        Plaintiffs-Appellants appeal from the judgment of the

district court adopting and affirming a Decision and Order of the

Benefits Review Board and denying their petition for review.  For

the following reasons, we reverse the district court's denial of

the petition and remand for further proceedings consistent with

this opinion.



              I.  FACTUAL AND PROCEDURAL BACKGROUND

        Defendant-Appellee Jose Quinones was employed by Plaintiff-

Appellant H.B. Zachry Company ("Zachry") on and off from 1980

until 1994.  In 1993, he accepted a one-year position with Zachry as a construction foreman on the Kwajalein Army base in the Marshall Islands.  He began experiencing back troubles while in the Marshall Islands and made several visits to doctors there.

Upon returning to the United States, Quinones sought further medical treatment.  Because of some debate regarding the cause of his symptoms, Zachry and its insurance carrier, Plaintiff-Appellant Insurance Company of the State of Pennsylvania (together with Zachry, "Appellants"), refused to pay any more of Quinones's medical bills.  Quinones brought a claim for compensation benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq., as amended and extended by the Defense Base Act ("DBA"), 42 U.S.C. § 1651 et seq.

The Administrative Law Judge ("ALJ") awarded Quinones ongoing temporary total disability benefits, basing his calculation of Quinones's average weekly wages in part on the value of meals and lodging that Zachry provided Quinones while he was working in the Marshall Islands.  Appellants appealed to the Benefits Review Board ("BRB"), which affirmed the ALJ's decision. See Quinones v. H. B. Zachry, Inc., 32 BRBS 6 (1998).  Appellants then petitioned the district court for review of the BRB's decision, which petition the district court denied.  Appellants timely appeal to this court raising three issues.  First, they argue that the value of meals and lodging provided to Quinones should not be included in his wages for the purpose of

2

calculating disability benefits.  Second, they argue that the ALJ failed to detail his reasons for rejecting certain evidence, and, finally, they contest the rate at which the BRB calculated attorney's fees for Quinones's counsel.


## II.  STANDARD OF REVIEW

Generally, disability compensation claims brought by persons employed at United States military bases abroad are governed by the DBA.  The DBA provides that the LHWCA applies to such claims, unless the DBA modifies the provisions of the LHWCA.  See 42 U.S.C. § 1651(a) (1994).  One such modification is the process for seeking review of a decision of the BRB.  Under the LHWCA, a claimant petitions directly to this court for such review.  See 33 U.S.C. § 921(c) (1994).  Under the DBA, 42 U.S.C. § 1653(b) (1994), review is sought first in the district court, and an appeal of the district court's judgment can then be brought in this court. See AFIA/CIGNA Worldwide v. Felkner, 930 F.2d 1111, 1114, 1116 (5th Cir. 1991).

Felkner did not address the deference this court pays to the judgment of the district court in such a situation.  Our review of the case law in sister circuits has likewise yielded no guidance on this question.  In reviewing a district court's decision on agency action in a different context, however, we have explained that "since an appellate court reviews the administrative decision on the identical basis as did the district court, appellate court review need accord no particular

3

deference to the district court's conclusion as to whether the identical administrative record does or does not support the administrative determination . . . ." Louisiana Envtl. Soc'y, Inc. v. Dole, 707 F.2d 116, 119 (5th Cir. 1983). This reasoning applies equally in the case at hand, and we therefore accord no deference to the decision of the district court and proceed as though reviewing the decision of the BRB in the first instance.

"Our review of Review Board decisions is limited to considering errors of law and ensuring that the Review Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." Sisson v. Davis & Sons, Inc., 131 F.3d 555, 557 (5th Cir. 1998); see also Shell Offshore, Inc. v. Director, OWCP, 122 F.3d 312, 315 (5th Cir. 1997); Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1002 (5th Cir. 1995). We review the BRB's interpretation of the LHWCA de novo. See Equitable Equip. Co. v. Director, OWCP, 191 F.3d 630, 631 (5th Cir. 1999).

### III. MEALS AND LODGING AS WAGES

The first question we must address is whether the value of meals and lodging exempted from federal income taxation by section 119 of the Internal Revenue Code ("§ 119 Meals and

Lodging")[1] is included in "wages" under the LHWCA.  The LHWCA provides:

> The term "wages" means the money rate at which the service rendered by an employee is compensated by an employer under the contract of hiring in force at the time of the injury, including the reasonable value of any advantage which is received from the employer and included for purposes of any withholding of tax under subtitle C of title 26 (relating to employment taxes).  The term wages does not include fringe benefits, including (but not limited to) employer payments for or contributions to a retirement, pension, health and welfare, life insurance, training, social security or other employee or dependent benefit plan for the employee's or dependent's benefit, or any other employee's dependent entitlement.

33 U.S.C. § 902(13) (1994).  Subtitle C of title 26, the Internal Revenue Code, deals with employment taxes, three of which are withheld from the pay of employees.  See I.R.C. §§ 3101(a), 3101(b) & 3201(a) (1994) (old-age, survivors, and disability insurance tax; hospital insurance tax; and railroad retirement tax, respectively).  Each of these taxes is calculated based on wages, as defined in I.R.C. § 3121.  See id.  Since 1983, I.R.C. § 3121 has provided that "the term 'wages' . . . shall not include . . . the value of any meals or lodging furnished by . . . the employer if at the time of such furnishing it is

_____

[1] Section 119(a) of the Internal Revenue Code provides:

> There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him, his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if (1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging  on the business premises of his employer as a condition of his employment.

I.R.C. § 119(a) (1994).

5

reasonable to believe that the employee will be able to exclude such items from income under section 119 . . . ."  I.R.C. § 3121(a)(19) (1994).[2]  The value of § 119 Meals and Lodging is therefore not "included for purposes of any withholding of tax under subtitle C of the Internal Revenue Code."   All parties agree that the room and board provided to Quinones in this case qualified as § 119 Meals and Lodging.   The only question before us then is the proper construction of § 902(13).

Relying on Guthrie v. Holmes & Narver, Inc., 30 BRBS 48 (1996), rev'd sub nom. Wausau Ins. Cos. v. Director, OWCP, 114 F.3d 120 (9th Cir. 1997), on recons. 136 F.3d 586 (9th Cir. 1998), the ALJ determined that, as a matter of law, the value of § 119 Meals and Lodging is included in the calculation of wages under § 902(13). See Decision and Order Awarding Compensation Benefits, dated Jan. 7, 1997, at 11 ("ALJ Decision").  The BRB agreed, see Quinones, 32 BRBS at 10, and the district court affirmed.  See Memorandum and Order entered Feb. 26, 1999.  We now reverse.

In Guthrie, the claimant was provided with § 119 Meals and Lodging under his employment contract.  The BRB concluded that because these services were provided "under the terms of claimant's employment contract, and the value of these services [was] readily ascertainable[,] . . . the room and board provided by the employer [could not] be deemed a fringe benefit as the

_____

[2] Paragraph 19 was added to I.R.C. § 3121(a) by the Social Security Amendments of 1983, Pub. L. 98-21 § 327(a)(1), 97 Stat. 65, 126-27 (1983).

6

amount [was] readily calculable.  These services satisfy the definition of 'wages' under [§ 902(13)]."  <u>Guthrie</u>, 30 BRBS at 50 (footnote omitted).  The employer in <u>Guthrie</u> appealed, and the United States Court of Appeals for the Ninth Circuit reversed.  In a brief per curiam opinion, the Ninth Circuit held that the LHWCA defers to the IRS definition of wages.  <u>See</u> <u>Wausau Ins. Cos. v. Director, OWCP</u>, 114 F.3d 120, 121-22 (9th Cir. 1997), <u>on recons.</u> 136 F.3d 586 (9th Cir. 1998).

Defendant-Appellee Director, Office of Workers' Compensation Programs, Department of Labor (the "Director"), joins Appellants in arguing that the value of § 119 Meals and Lodging is not included in wages under the LHWCA.  The Director begins by asserting that § 902(13) is clear on its face.  In the alternative, the Director argues that this court owes <u>Chevron</u> deference to the Director's reasonable construction of the statute.[3]  "Because the Department of Labor has been entrusted with administering the workers' compensation scheme of the LHWCA,

---

[3] Under <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council</u>, 467 U.S. 837 (1984), this court conducts a two step process in reviewing an agency's construction of a statute it administers.

> [T]he court first must use "traditional tools of statutory construction" to determine "whether Congress has directly spoken to the precise question at issue."  If so, the court and the agency "must give effect to the unambiguously expressed intent of Congress."  However, "[i]f the statute is silent or ambiguous" on the particular issue, the court must determine "whether the agency's answer is based on a permissible construction of the statute."

<u>Doyle v. Shalala</u>, 62 F.3d 740, 745 (5th Cir. 1995) (quoting <u>Chevron</u>, 467 U.S. at 842-43 & n.9) (internal citations omitted and alteration in original).

its construction of that scheme should be given considerable weight." Texports Stevedores Co. v. Director, OWCP, 931 F.2d 331, 333 (5th Cir. 1991). The Director's views are entitled to deference. See Boudreaux v. American Workover, Inc., 680 F.2d 1034, 1046 (5th Cir. Unit A 1982). Indeed, deference is owed to the Director's views and not the views of the BRB. See id. at 1046 n.23; Potomac Elec. Power Co. v. Director, OWCP, 449 U.S. 268, 278 n.18 (1980)("It should also be noted that the Benefits Review Board is not a policymaking agency; its interpretation of the LHWCA thus is not entitled to any special deference from the courts.").

Appellants and the Director advance three arguments in support of their position. First, they argue that the phrase "including the reasonable value of any advantage which is received from the employer and included for purposes of any withholding of tax" is one of expansion, explaining that the section "provides that the term 'wages,' in general, means the monetary rate at which work is paid, but expands the term to also include the reasonable value of non-monetary advantages received, if subject to withholding tax." Director's Brief at 17. Second, they argue that the BRB's construction of § 902(13) reads out part of the statute. Because the BRB includes in wages an advantage not subject to withholding (the value of § 119 Meals and Lodging), the limiting phrase "and included for purposes of any withholding tax" becomes superfluous. "As the Supreme Court has recognized, '[t]he cardinal principle of statutory

8

construction is to save and not to destroy.'" Director's Brief at 17 (quoting United States v. Menasche, 348 U.S. 528, 538 (1955)).

Finally, Appellants and the Director argue that an examination of changes made to § 902(13) evinces congressional intent to exclude the value of § 119 Meals and Lodging from the definition of wages. In Morrison-Knudsen Constr. Co. v. Director, Office of Workers' Compensation Programs, the Supreme Court held that the value of certain employer-paid fringe benefits was not included in wages under § 902(13). See 461 U.S. 624 (1983). Congress codified this holding in 1984 by amending § 902(13) to read as it currently does.[4] The Director argues that the 1984 amendments created a provision that clearly explains what is and is not included in wages under the LHWCA, and the value of § 119 Meals and Lodging is not included.

Quinones, on the other hand, argues that "[t]he [post-1984] definition of wages is the money rate at which the employee is compensated under the contract of hire in force at the time of injury, including the reasonable value of any advantage received." Appellee's Brief at 19. He asserts that the mention of taxable advantages in the provision is merely illustrative and does not preclude including non-taxable advantages in wages.

---

[4] Prior to the 1984 amendment, § 902(13) had provided that wages included "the reasonable value of board, rent, housing, lodging, or similar advantage received." Longshoremen's and Harbor Workers' Compensation Act, Pub. L. No. 69-803, § 2(13), 44 Stat. 1424, 1425 (1927) (prior to 1984 amendment). The provision did not require that these advantages be subject to tax.

We agree with the Director and Appellants that adopting Quinones's view of § 902(13), that all advantages received from the employer are included in wages, would read the phrase "and included for purposes of any withholding of tax under subtitle C of title 26" out of the statute. Moreover, Quinones implicitly construes the first occurrence of the term "including" as meaning "including but not limited to." That construction is undermined by the fact that the second occurrence of the term "including" in § 902(13) is followed by the parenthetical "(but not limited to)." Both occurrences of the term "including" were added to § 902(13) in the 1984 amendments to the LHWCA, and it is illogical to assume that Congress intended both to be construed as "including but not limited to" but only chose to modify the second occurrence of the term with a parenthetical.

Section 902(13) is clear on its face. It provides that "wages" equals monetary compensation plus taxable advantages. We join the Ninth Circuit in holding that § 902(13), on its face, excludes from the definition of "wages" the value of § 119 Meals and Lodging.

## IV. FAILURE TO COMPLY WITH 5 U.S.C. § 557(C)(3)

Appellants next argue that the ALJ failed to comply with § 557(c)(3) of the Administrative Procedures Act (the "APA") which provides, in pertinent part, that "[a]ll [agency] decisions, including initial, recommended, and tentative decisions, are a part of the record and shall include a statement

of . . . findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record . . . ." 5 U.S.C. § 557(c)(3)(A) (1994). They assert that the ALJ failed to explain why he rejected the testimony of Quinones's supervisor, Joe Ramirez, why he rejected evidence that there was no language barrier in this case, and why he rejected the testimony of Dr. Goldstein. Appellants turn to cases from two other circuits, See v. Washington Metro. Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994), and Cotter v. Harris, 642 F.2d 700, 705-07 (3d Cir. 1981), for the proposition that an ALJ must explain why evidence contradicting his conclusion was rejected. This circuit has expressly declined to adopt the Cotter rule. In Falco v. Shalala, a case dealing with subjective complaints of pain, we stated:

> [Appellant] urges that we adopt the Third Circuit's rule that an ALJ must articulate specifically the evidence that supported his decision and discuss the evidence that was rejected. Although we find that this rigid approach is unnecessary, we have nonetheless set our own strictures that, we feel, effectively reach the same result. . . . [F]or example, . . . when the evidence clearly favors the claimant, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain.

27 F.3d 160, 163 (5th Cir. 1994) (footnotes omitted).

"Under the [APA], agency action is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Hernandez v. Reno, 91 F.3d 776, 779 (5th Cir. 1996) (citing 5 U.S.C. § 706). Under this standard, an agency "is not required to make express findings on collateral contentions considered by it-only

11

to make findings upon the material issues of fact, law, or discretion presented to it by the administrative proceedings." Trailways, Inc. v. ICC, 676 F.2d 1019, 1022 (5th Cir. Unit A 1981). An agency "is required to give reasons for its actions if the protestants raise a material disputed issue or if the existence of a material issue is apparent from the proceedings." Central Freight Lines, Inc. v. United States, 669 F.2d 1063, 1074 (5th Cir. Unit A 1982). In the summary judgment area, we have stated that "[a] fact is material if it might affect the outcome of the suit under the governing substantive law." United States v. Arron, 954 F.2d 249, 251 (5th Cir. 1992).

## A. Joe Ramirez's Deposition and the Alleged Language Barrier

First, Appellants complain that the ALJ adopted Quinones's testimony that he reported an injury to his supervisor, Joe Ramirez, and failed to explain why he rejected Ramirez's assertion that Quinones had never reported an injury to him. Second, Appellants complain that the ALJ adopted Quinones's assertions regarding a purported language barrier without explaining why he rejected contradictory evidence. Several hospital reports completed overseas state that Quinones did not know how or when he had injured himself. Quinones explains that because of a language barrier, hospital staff did not understand his explanation or he did not understand their questions. Appellants argue that other evidence shows that Quinones speaks and understands English well enough to have communicated when and

12

how he injured himself, and the ALJ rejected that evidence without explanation. Neither Ramirez's statements nor the language barrier testimony is material to this dispute.

In this case, the ALJ explained that Quinones had to establish a prima facie case of compensability by showing an injury existed that could have been caused by working conditions or an accident at work. The burden then shifted to Appellants to introduce substantial evidence to rebut the presumption of compensability. Were Appellants to meet their burden, the ALJ would have had to resolve the issue of causation based upon all the evidence. ALJ's Order at 6-7. Appellants do not challenge this legal framework.

The ALJ concluded that Quinones established his prima facie case, and the burden shifted to Appellants to rebut with substantial evidence. First, the ALJ determined that Quinones had an injury under the definition provided in the LHWCA. The ALJ noted that it was not clear what caused the injury but that one existed nonetheless. The ALJ then concluded that working conditions existed that could have caused the injury:

> While a specific instance of injury has not been clearly established since, on multiple occasions, Claimant has stated he did not know how he got injured, it is clear that Claimant was engaged in labor which involved the lifting and moving of heavy materials such as rebar, bricks, and concrete panels. This fact alone will satisfy the prima facie condition of having working conditions that could have caused the accident.

Id. at 8. Once the ALJ determined that Quinones met his burden of establishing a prima facie case by showing that working conditions existed that could have caused the injury, the

13

contradictory testimony regarding whether a specific injury was ever reported to Quinones's supervisor and Quinones's failure to report a specific injury in medical records became immaterial. Under the law of this circuit, therefore, the ALJ need not address these contradictions specifically.

## B. Dr. Goldstein's Findings

Appellants further assert that the ALJ failed to give his reasons for rejecting the findings of a Dr. Goldstein. Appellants argued in their brief before us, as they had in their post-hearing brief before the ALJ, that Dr. Goldstein's findings contradicted those of Dr. Meadows, Quinones's current physician. Our thorough review of the record reveals no testimony or deposition of Dr. Goldstein.

When discussing Dr. Goldstein's findings, Appellants cite to their own exhibit 40 at page 4. Exhibit 40 on Appellants' Exhibit List is described as "DOL certified administrative file." Employer and Carrier's Exhibit List at 3. Marginalia next to that entry indicates that the exhibit was withdrawn, and there is no tab for exhibit 40. Moreover, no Respondents' Exhibit 40 was offered or received in evidence at the hearing. See Hearing Record at 21-23. Finally, as previously stated, in our independent review of the entire record we found no report from or testimony or deposition of Dr. Goldstein. The ALJ has no obligation to consider, let alone explain his rejection of, evidence not in the record before him.

14

## V. AWARD OF ATTORNEY'S FEES BY THE BRB

Finally, Appellants dispute the hourly rate at which attorney's fees were awarded by the BRB.  An award of attorney's fees by the BRB is reversed only if it is arbitrary, capricious, an abuse of discretion, or not in accordance with law.  See Conoco, Inc. v. Director, OWCP, 194 F. 3d 684, 688 (5th Cir. 1999).  Appellants' only support for their argument is a photocopy of an 1996 order from this court granting attorney's fees at a rate lower than the rate at which the BRB granted fees in this case.  Even were we to consider evidence outside of the record, Appellants have failed to establish that the BRB abused its discretion.

## VI. CONCLUSION

For the foregoing reasons we REVERSE the judgment of the district court denying Appellants' petition for review and REMAND for further proceedings consistent with this opinion.

15