NIEMEYER, Circuit Judge,
dissenting:
Michael Roberts was injured while working as an employee for Custom Ship Interiors, a ship remodeling firm. At the time of his injury, Roberts was working on the remodeling of a Carnival Cruise ship. He filed a claim for disability benefits under the Longshore and Harbor Workers’ *516 Compensation Act (“LHWCA”), 33 U.S.C. § 901 et seq., and the Administrative Law Judge (“ALJ”) determined that Roberts was entitled to benefits.
Disability benefits under the LHWCA are calculated using the claimant’s average weekly wage as defined by the Act. See 33 U.S.C. § 902(13). In computing Roberts’ average weekly wage, the ALJ took into account Roberts’ normal weekly wages and overtime pay, but not the $77.50 per diem paid by his employer to defray the costs of Roberts’ meals and lodging while Roberts worked away from home on the Carnival Cruise ship. The Benefits Review Board reversed, concluding that the per diem payments should be included as part of Roberts’ average weekly wages because the per diem payments were paid every week, regardless of whether Roberts incurred the meals and lodging expense, noting that while working on the Carnival Cruise ship, Roberts did not incur expenses for meals and lodging because Carnival Cruise supplied meals and lodging to workers remodeling its ship, not as a matter of contractual obligation, but merely as an accommodation to the workers.
Because I agree with the ALJ’s decision not to include the per diem in calculating Roberts’ weekly wage, I would reverse the decision of the Benefits Review Board.
It is true that Custom Ship Interiors paid the per diem regardless of how much the employee actually incurred for meals and lodging or whether the employee incurred any expense at all. It was a fixed sum reimbursement paid to every employee who worked away from home and did not depend on an employee’s accounting for his actual expenses. And thus it is also true that to the extent that an employee did not incur actual expenses equal to the $77.50 per diem paid by Custom Ship Interiors, the per diem payment provided the employee with a monetary advantage. But this monetary advantage was not compensation for services. Rather, it was simply an advantage realizable by the employee who did not use the entire per diem expenses.
The proper decision in this case turns on whether this monetary advantage falls within the definition of wages. The controlling definition of wages is supplied by 33 U.S.C. § 902(13), which provides:
The term “wages” means the money rate at which the service rendered by an employee is compensated by an employer under the contract of hiring in force at the time of the injury, including the reasonable value of any advantage which is received from the employer and included for purposes of any withholding of tax under subtitle C of the Internal Revenue Code of 1954 [26 U.S.C. §§ 3101 et seq.].
(emphasis added). The text of this provision requires that a wage be compensation for “service,” not a reimbursement for expenses, and we have so concluded. See Universal Maritime Service Corp. v. Wright, 155 F.3d 311, 319 (4th Cir.1998) (defining “wages” as “the ‘money rate’ of compensation that is provided (1) for the employee’s services (2) by an employer (3) under the employment contract in force at the time of the injury”). Simply because a per diem is granted regardless of the amount of expenses actually incurred is not a basis by which to convert the per diem allowance into a compensation for service. Indeed, were the employee able to work while living at home, he would not receive the per diem but would still have rendered the same services to his employer.
Moreover, the “including” clause — which defines as a wage “the reasonable value of any advantage which is received from the employer and included for purposes of any withholding of tax under subtitle C of the *517 Internal Revenue Code” — does not make a reimbursement for expenses a component of average weekly wages for two reasons. First, the per diem is paid for expenses incurred on the road, whether actually incurred or not, and it is not a compensation for services. Second, the per diem is not included in any W 2 form reported to the IRS. As we explained in Universal Maritime, the “including” clause defines as a wage any form of nonmonetary compensation as long as that nonmonetary compensation could be included as wages “and must be subject to tax withholding.” Id. at 323.
The majority suggests that if an employee does not incur the expenses up to the amount of per diem for meals and lodging, it somehow receives the balance as compensation for services. If this principle were correct, every employee who “saved” money on a fixed per diem would owe the United States taxes. But this is not the law, nor is it the practice. See, e.g., H.B. Zachry Co. v. Quinones, Director OWCP, 206 F.3d 474, 479 (5th Cir.2000); McNutt v. Benefits Review Board, 140 F.3d 1247, 1248 (9th Cir.1998) (per curiam).
Because I conclude that the per diem expenses which were paid irrespective of actual expenses were not compensation for services and therefore should not have been included in Roberts’ average weekly wage for calculation of disability benefits, I would reverse the decision of the Benefits Review Board. Accordingly, I respectfully dissent.