United States Court of Appeals,

Fifth Circuit.

No. 96-60722

Summary Calendar.

Lee Roy SISSON, Petitioner,

v.

DAVIS & SONS, INC.;  Louisiana Insurance Guarantee Fund, Inc.;
Director, Office of Worker's Compensation Programs, U.S. Department
of Labor, Respondents.

Jan. 6, 1998.

Appeal from the United States Department of Labor, Benefits Review
Board.

Before BENAVIDES, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

Petitioner, Lee Roy Sisson ("Sisson") appeals from the United
States Department of Labor Benefits Review Board decision denying
him coverage under the Longshore and Harbor Workers' Compensation
Act ("LHWCA"), 33 U.S.C. § 901, *et seq.,* and under the Outer
Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(b).  We
affirm.

FACTS AND PROCEEDINGS BEFORE THE BENEFITS REVIEW BOARD

Sisson injured his back on May 30, 1984, carrying a piece of
drill pipe while constructing a parking lot for Gulf Oil
Exploration with whom his employer, Davis & Sons, Inc., had a
contract.  The drill pipe was to serve as a guardrail around a
parking lot at a heliport used by Gulf Oil to transport crewmen to
oil platforms on the Outer Continental Shelf.  The injury site was
about a mile from the Gulf dock and about fifty yards from

1

navigable waters.

Sisson's employer, Davis & Sons, Inc., initially paid Sisson LHWCA benefits of $470.55 a week. He received these benefits for approximately seventeen months. At that time, his benefits were reduced to state workers' compensation benefits at $248.00 a week. Sisson filed a claim with the Department of Labor for LHWCA benefits. After a hearing on April 20, 1994, an Administrative Law Judge held that Sisson was not covered under either the LHWCA or the OCSLA. Sisson appealed to the United States Department of Labor Benefits Review Board ("Review Board"). After Sisson's case had been pending before the Review Board for more than a year, it was affirmed, without argument, in accordance with Public Law 104-134.

## STANDARD OF REVIEW

Our review of Review Board decisions is limited to considering errors of law and ensuring that the Review Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law. 33 U.S.C. § 921(b)(3); *Munguia v. Chevron U.S.A., Inc.,* 999 F.2d 808, 810 (5th Cir.1993).

## DISCUSSION

Sisson appeals the finding that his injury falls outside of LHWCA coverage. LHWCA provides, in relevant part:

Compensation shall be payable ... in respect of disability or death of an employee but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading,

2

unloading, repairing or building a vessel) ...

33 U.S.C. § 903(a). Coverage requires a finding that the injured individual is an "employee" as defined in § 902(3) of the statute (the "status" test) and that the injury occurred at a LHWCA site (the "situs" test). The ALJ correctly determined that Sisson satisfied the "status" test, and the parties to this appeal do not dispute that determination. Therefore, the only issue before us on appeal is whether Sisson's injury occurred at a covered situs.

The injury is covered by the LHWCA if the parking lot was in "the navigable waters of the United States, including any ... adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel." 33 U.S.C. § 903(a). The Supreme Court has cautioned that we must "take an expansive view of the extended coverage" of the LHWCA. *Northeast Marine Terminal Co., Inc. v. Caputo,* 432 U.S. 249, 268, 97 S.Ct. 2348, 2359, 53 L.Ed.2d 320 (1977). We must also keep in mind Congress's purpose in amending the LHWCA in 1972, which was to expand coverage, apply uniform standards, cover on-shore maritime duties and reduce the number of employees walking in and out of coverage. *P.C. Pfeiffer Co., Inc. v. Ford,* 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979). This court has held, in keeping with the spirit of congressional purpose, that "so long as the site is close to or in the vicinity of navigable waters, or in a neighboring area," an employee's injury can come within the LHWCA requirement that it adjoin navigable waters. *Texports Stevedore Co. v. Winchester,* 632 F.2d 504, 514 (5th Cir.1980). Absolute contiguity

3

is not required.  *Id.*  The heliport parking lot was about one mile from the Gulf dock and fifty yards from Dauphine pass, a navigable waterway and so could be said to adjoin navigable waters.

However, under Fifth Circuit precedent, we are unable to say that the parking lot was customarily used in loading, unloading, repairing or building a vessel.  *See* 33 U.S.C. § 903(a).  The parking lot was constructed at a heliport used by Gulf Oil to transport crewmen to oil platforms on the Outer Continental Shelf. Fixed platforms are not vessels but are properly analogized to islands.  *Herb's Welding, Inc. v. Gray,* 470 U.S. 414, 416 n. 2, 421-423, 105 S.Ct. 1421, 1424 n. 2, 1426-27, 84 L.Ed.2d 406 (1985). Furthermore, this court has concluded that helicopters which transport crewmen from land to offshore oil platforms cannot be considered "vessels."  *Barger v. Petroleum Helicopters, Inc.,* 692 F.2d 337, 339 (5th Cir.1982) (holding that a helicopter pilot cannot be considered a master or member of a crew of a vessel) (citing *Smith v. Pan Air Corp.,* 684 F.2d 1102, 1112-14 (5th Cir.1982)).  In the context of addressing a question of worker status, this circuit has held that an employee who loaded and unloaded a skiff to ferry supplies to a fixed well platform was not engaged in maritime employment.  *Munguia v. Chevron U.S.A. Inc.,* 999 F.2d 808, 810 (5th Cir.1993).  Likewise, the parking lot in this case used by crewmen who are being transported to fixed platforms by helicopters cannot be said, under even the most liberal reading of the statute, to be customarily used in loading, unloading, repairing or building a "vessel."  We therefore conclude

4

that Sisson did not satisfy the situs requirement for coverage under LHWCA.

Sisson also claims coverage under the OCSLA, 43 U.S.C. 1333(b). *Mills v. Director, OWCP,* 877 F.2d 356 (5th Cir.1989) held that an employee had to be injured on the Outer Continental Shelf to obtain LHWCA benefits through the OCSLA. Sisson concedes that he was not so injured. *Mills* forecloses OCSLA relief for Sisson.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Review Board's denial of LHWCA benefits to Sisson.

AFFIRM.