# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-60795
_____

MARGIE A. PICKETT
(WIDOW OF JOSEPH PICKETT),

Petitioner,

VERSUS

PETROLEUM HELICOPTERS, INC.;
EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY;
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board
_____

September 28, 2001

Before JONES, SMITH, and DeMOSS,
Circuit Judges.

PER CURIAM:

Margie Pickett appeals a decision of the
Benefits Review Board ("BRB") that she does
not qualify for death benefits regarding her late
husband, Joseph Pickett, under the Longshore
and Harbor Workers' Compensation Act
("LHWCA"), as adopted in the Outer
Continental Shelf Lands Act ("OCSLA"), 43
U.S.C. § 1333(b). We affirm.

I.

Joseph Pickett was a helicopter pilot for
Petroleum Helicopters, Inc., performing
contract services for Amerada Hess

Corporation. He ferried workers and equipment between land and offshore platforms. He was killed when his helicopter crashed over land during a test flight.[1]

Margie Pickett filed for benefits under the OCSLA. An administrative law judge ruled Pickett ineligible under OCSLA because his death did not occur over the Outer Continental Shelf ("OCS") and thus did not satisfy this court's situs requirement for OCSLA benefits.[2] Margie Pickett appealed to the BRB, which affirmed.

II.

Margie Pickett concedes that the death did not occur over the OCS but argues that the plain language of OCSLA is inconsistent with this court's situs requirement. Whatever the merits of Pickett's statutory argument, however, we are bound by *Mills v. Director, OWCP*, 877 F.2d 356, 362 (5th Cir. 1989) (en banc), which allows OCSLA coverage only for employees who "(1) suffer injury or death on an OCS platform or the waters above the OCS; and (2) satisfy the 'but for' status test this court described in *Herb's Welding, Inc. v. Gray*, 766 F.2d 898, 900 (5th Cir. 1985)." *Accord Sisson v. Davis & Sons*, 131 F.3d 555, 558 (5th Cir. 1998).

Margie Pickettt argues that *Mills* is factually distinct and that our earlier decisions

therefore should control. We disagree. The relevant language in *Mills* is not fact-specific, but categorically requires the injury to occur on the OCS. In fact, the court discussed the two cases on which Margie Pickett relies:

> The Director argues that we imposed no situs requirement for § 1333(b) coverage in *Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 337 (5th Cir. 1982), and *Stansbury v. Sikorski Aircraft*, 681 F.2d 948 (5th Cir. [1982]) . . . . The Director's reliance on those cases is misplaced.

> *Barger* and *Stansbury* held that § 1333(b) extended the LHWCA as the sole remedy for survivors suing the employers of individuals who (1) satisfied the "but for" status test; and (2) died in helicopter crashes on the high seas above the OCS. Although some of the dicta in those opinions may be overly broad, we have no quarrel with those holdings to the extent they grant LHWCA benefits to oilfield workers injured on waters above the OCS. We do not interpret those cases to read § 1333(b) as extending LHWCA benefits to oilfield workers injured on land or state territorial waters. *But cf. Curtis v. Schlumberger Offshore Service, Inc.*, 849 F.2d 805 (3d Cir. 1988) (Section 1333(b) covers OCS platform worker injured in car accident on New Jersey Garden State Parkway while driving to meet helicopter that would have flown him to rig).

*Mills*, 877 F.2d at 361-62. Contrary to Margie Pickett's suggestion, *Mills* plainly requires satisfaction of the situs test, even as to helicopter crashes.

---

[1] If the flight test had been successful, the helicopter would have landed, boarded passengers, and ferried the passengers to oil platforms on the OCS.

[2] Pickett also sought benefits under the LHWCA. The administrative law judge foundSSand Margie Pickett does not disputeSSthat her husband failed to meet the status requirement of the act.

Moreover, Margie Pickett's second contentionSSthat we should follow *Curtis* because "the Court's opinion in *Mills* . . . did not disagree with *Curtis*"SSis unpersuasive. *Mills* referenced *Curtis* only as "authority [that] cites a proposition analogous to the contrary of the main proposition." THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.2(c), at 23 (Columbia Law Review Ass'n et al. eds., 17th ed. 2000).

AFFIRMED.