**REVISED November 5, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2019

Lyle W. Cayce
Clerk

No. 18-60895

EXPEDITORS & PRODUCTION SERVICE COMPANY, INCORPORATED;
THE GRAY INSURANCE COMPANY,

     Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; GARRICK SPAIN,

     Respondents

Petition for Review of an Order
Of the Benefits Review Board
BRB No. 18-0428

Before STEWART, CLEMENT, and HO, Circuit Judges.

PER CURIAM:*

    Expeditors & Production Service Company hired Garrick Spain to work on its behalf for Anadarko Petroleum as a shipping and receiving dispatcher. Spain slipped and fell at the mobile home trailer provided by Anadarko and

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60895

sought to claim benefits accordingly. The administrative law judge found for Spain, and the Benefits Review Board affirmed. We affirm the Review Board's decision.

**I**

Anadarko operates two facilities at Port Fourchon, Louisiana: C-Port 1 and C-Port 2. Spain worked at C-Port 1 servicing two rigs on the outer continental shelf. His schedule required working in weekly shifts, with at least 12 hours of daily work expected, and remaining on call for the rest of the day. Due to these hours, Expeditors required Spain to live in an on-premises trailer at C-Port 2. The trailer is about 500 feet from the water, and C-Port 2 is about 1.5 miles from C-Port 1.

On June 24, 2014, while on shift, Spain slipped in a wet hallway in his living quarters and injured his neck, back, pelvis, right hip, and shoulder. Spain sought and received medical treatment and he has not returned to work since his injury.

Spain applied for benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.*, and its extension, the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 *et seq.* For liability to attach to Expeditors, the ALJ must make several findings. First, the employee making a claim must have statutory status as a maritime employee. 33 U.S.C. § 902(3). Next, the injury must occur on an enumerated situs such as a terminal or an area adjoining navigable waters. 33 U.S.C. § 903(a). After a detailed inquiry, the ALJ found for Spain and, following a thorough and careful analysis, the Benefits Review Board affirmed.

Expeditors brings two relevant issues on appeal. First, whether the ALJ and Review Board erred in finding a sufficient situs for LHWCA jurisdiction; and, second, whether the ALJ and Review Board erred in concluding the injury occurred at a marine terminal.

## II

Review of the Benefits Review Board's "decisions is limited to considering errors of law and ensuring that the Review Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Sisson v. Davis & Sons, Inc.*, 131 F.3d 555, 557 (5th Cir. 1998). Because the situs question under the LHWCA requires applying the "statutory standard to case-specific facts, it is ordinarily a mixed question of law and fact." *New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 387 (5th Cir. 2013) (en banc). When the facts are not in dispute, LHWCA coverage is "an issue of statutory construction and legislative intent[ ] and should be reviewed as a pure question of law." *Id.* (internal quotations omitted). The LHWCA is to be "liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results." *Id.* (Clement, J., concurring) (quoting *Ne. Marine Terminal Co., Inc. v. Caputo*, 432 U.S. 249, 268 (1977)); *see Wood Group Prod. Servs. v. Dir., Office of Workers' Comp. Programs*, 930 F.3d 733, 739 (5th Cir. 2019) (same).

The LHWCA allows a claimant to seek benefits when the claimant is (1) a maritime employee (2) injured on a covered "situs." 33 U.S.C. § 903(a); *Wood Group*, 930 F.3d at 737. A "terminal" is a specifically enumerated situs under Section 903. 33 U.S.C. § 903(a). To qualify under the LHWCA, a covered situs must bear a functional relationship to maritime commerce. *See Thibodeaux v. Grasso Prod. Mgmt.*, 370 F.3d 486, 488–89 (5th Cir. 2004). A functional relationship requires the situs "be used for loading, unloading, or one of the other functions specified in the [LHWCA]." *Id.* The situs extends throughout "the parcel of land underlying the employer's facility." *New Orleans Depot*, 718 F.3d at 392.

No. 18-60895

Expeditors concedes Spain is a maritime employee. So the only way for Expeditors to avoid LHWCA liability is to contest the situs requirement. The company makes two arguments as to why C-Port 2 is not a situs under the LHWCA. First, Expeditors argues that C-Port 2's living quarters should be excluded from the general finding of the parcel as a situs. Second, the company argues that, because most of Spain's duties occur at C-Port 1, it is an error of law to find LHWCA jurisdiction for him at C-Port 2.

C-Port 2 is a single parcel of land that Expeditors concedes is a marine terminal. Given that concession, Expeditors must argue that the living quarters at C-Port 2 are not part of the marine terminal for LHWCA purposes to avoid liability. The living quarters are within the perimeter fence that surrounds C-Port 2, on the same side of the public road as the rest of the terminal, and no large building separates the quarters from the water. The Review Board is therefore correct in affirming the ALJ's finding of C-Port 2 as a situs as rational, supported by substantial evidence, and in accordance with the law. *See, e.g.*, *Ala. Dry Dock & Shipbuilding Co. v. Kininess*, 554 F.2d 176, 178 (5th Cir. 1977) ("The test is whether the situs is within a contiguous shipbuilding area which adjoins the water . . . . The lot [where the injury occurred] was part of the shipyard, and was not separated from the waters by facilities not used for shipbuilding.").

Expeditors next argues that because Spain's injury occurred where he lived rather than where he worked, he should not be able to claim benefits. But this misunderstands the LHWCA status-based framework for recovery. So long as the maritime employee is "injured in the course of his employment" on a situs, the LHWCA allows the injured employee to claim benefits. *Bienvenu v. Texaco*, 164 F.3d 901, 908 (5th Cir. 1999).

C-Port 1, where Spain undertakes most of his loading and unloading responsibilities, is distinct from C-Port 2, where he lives. But this does not

affect the underlying analysis as to whether C-Port 2 is a marine terminal under the LHWCA. Spain was on call and required to be at or near C-Port 1 to support in his maritime duties when on shift. Given Spain's status as a maritime employee, situs analysis is limited to where the injury occurred. *See* 33 U.S.C. § 903(a) ("[C]ompensation shall be payable . . . if the disability or death results from an injury *occurring* upon the navigable waters of the United States (including *any* adjoining . . . terminal . . . ).") (emphasis added); *Sidwell v. Express Container Servs., Inc.*, 71 F.3d 1134, 1139 n.8 (5th Cir. 1995) ("The statute is expressly limited to the place where the 'injury occur[ed].'"). This strict liability standard for maritime employees represents a legislative compromise following the difficulty of ascertaining status of longshoremen for liability purposes. *See New Orleans Depot*, 718 F.3d at 388–89.

Spain was always on call, assigned to live at C-Port 2, and not permitted to leave the living quarters during the 12 hours of the day he was not performing his loading duties. *See* 33 U.S.C. § 902(3) (defining "employee" for LHWCA coverage). So long as a covered employee spends "at least some of [his] time" in covered work, the injury does not have to occur while that employee is actively engaged in the maritime activity. *Caputo*, 432 U.S. at 273; *see Jones v. Halliburton Co.*, 583 F.3d 228, 238 (5th Cir. 2009) ("The test of recovery [under the LHWCA] is not a causal relationship between the nature of employment of the injured person and the accident. . . . All that is required is that the obligations or conditions of employment create the zone of special danger out of which the injury arose.") (quoting *O'Leary v. Brown-Pacific-Maxon, Inc.*, 340 U.S. 504, 506 (1951)); *O'Keeffe v. Pan Am. World Airways, Inc.*, 338 F.2d 319, 324 (5th Cir. 1964) (same).

Spain's maritime employment status and the finding that C-Port 2 is a situs under the LHWCA meet the necessary conditions of Section 903 to allow Spain to claim benefits. The ALJ's finding that the living quarters are part of

the terminal is supported by the evidence—and that is all the law requires. *See* 33 U.S.C. § 903(a). As such, we affirm the Benefits Review Board's decision.